# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JIMMY TORRES,<br><br>    Defendant. | Case No. 2:12-CR-00154-KJD-GWF<br><br>**ORDER** |

Before the Court for consideration is the Findings and Recommendations (#39) of Magistrate Judge George W. Foley entered July 10, 2013, recommending that Defendant's Motion to Suppress (#23) be denied. Objections (#46) to the Magistrate Judge's Findings and Recommendations were filed by Defendant JIMMY TORRES pursuant to Local Rule IB 3-2 of the Local Rules of Practice of the United States District Court of the District of Nevada. The Government filed a response in opposition (#49) to the objections.

The Court has conducted a *de novo* review of the record in this case in accordance with 28 U.S.C. § 636(b)(1) and LR IB 3-2. The Court determines that the Findings and Recommendations (#39) of the United States Magistrate Judge entered July 10, 2013, should be **ADOPTED** and **AFFIRMED**.

1   The Court finds that the Saturn Vue in question was towed in accordance with the Las Vegas Metropolitan Police Department's regulations. Assuming that Cara Young was the last registered owner,[1] she was on-site and Metro knew that her driver's license was expired. Further, the vehicle was parked next to, or close enough to a marked, red no-parking zone, and close enough to parked cars to be a hazard that must be moved. Therefore, the officers acted within their authority and within Metro's regulations in conducting an inventory search and having the Saturn Vue towed. Further, the inclusion of the engine compartment and particularly, the engine's air cleaner/air filter box ("air filter box") in the search, was not unconstitutional. All officers testified that a search of the air filter box was standard for every inventory search, particularly in light of their experience that personal items were frequently found in air filter boxes. Metro policy required searches of closed containers. Given these facts, the inventory search in this case was neither an unconstitutional warrantless search for evidence nor an overbroad inventory search. See South Dakota v. Opperman, 428 U.S. 364, 369 (2012)(approved searches of unlocked containers or closed compartments during vehicle inventory searches); Florida v. Wells, 495 U.S. 1, 3-4 (1990); Colorado v. Bertine, 479 U.S. 367, 373, 376-77 (1987).

IT IS THEREFORE ORDERED that the Magistrate Judge's Findings and Recommendations (#39) entered July 10, 2013 are **ADOPTED** and **AFFIRMED**, and Defendant's Motion to Suppress (#23) is **DENIED**.

DATED this 6th day of December 2013.

_____
Kent J. Dawson
United States District Judge

---

[1] The registration had expired.