# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JIMMY TORRES,<br><br>　　　　Defendant. | Case No. 2:12-CR-00154-KJD-GWF<br><br>**ORDER** |

　　　　Presently before the Court is Defendant's Motion for Release on Bond Pending Appeal (#78). The Government filed a response in opposition (#81) to which Defendant replied (#82).

<u>I. Procedural History</u>

　　　　Defendant pled guilty to one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) on September 3, 2013. According to the parties' plea agreement, the Court applied a base offense level of 24 based on two prior "crimes of violence" pursuant to the United States Sentencing Guidelines ("the Guidelines") 2K2.1(a)(2); § 4B1.2. After further adjustments and considering Defendant's criminal history category of VI, Defendant's Guidelines sentence range was 92 to 115 months of imprisonment. The Court imposed a sentence of 92 months.

　　　　Defendant filed a timely notice of appeal and while the case was on direct appeal, the United States Supreme Court issued its decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) which

found the residual clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), unconstitutional. The Ninth Circuit Court of Appeals assumed that Johnson's holding nullified §4B1.2(1)(2)'s identically worded residual clause. Consequently, the Ninth Circuit held that Defendant's sentence was "illegal" and, thus, the appeal waiver in his plea agreement did not bar his appeal. The Ninth Circuit vacated his sentence and remanded the case for re-sentencing on July 14, 2016. On September 8, 2016, the Government filed a petition for panel rehearing which has not yet been ruled upon.  On September 23, 2016, Defendant filed the present motion for release. The Court held a hearing on October 26, 2016.

II. Analysis

18 U.S.C. § 3143(b) allows the Court to release a defendant pending an appeal if: (1) there is clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; and (2) that the appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served.  Clearly, the appeal has raised a substantial question likely to result in a reduced sentence of imprisonment less than the total time already served.

Further the Court finds that Defendant has demonstrated by clear and convincing evidence that he is not a flight risk. The only question remaining is what set of conditions can be fashioned under the supervision of Pre-Trial Services to neutralize any risk of flight or danger to the community. Therefore, the motion is granted dependant upon agreeable conditions being fashioned under the supervision of Pre-trial Services. Accordingly, the Court sets hearing on what conditions

\\\

\\\

\\\

\\\

\\\

will be necessary to ensure Defendant's appearance at his re-sentencing and to mitigate any risk of danger to the community.

Motion Hearing set for <u>Tuesday, November 15, 2016</u> at 9:00 AM in LV Courtroom 4A before Judge Kent J. Dawson.

DATED this __28th__ day of October 2016.

_____
Kent J. Dawson
United States District Judge